STATE EX REL. DIETRICH and others, Appellant, vs. PATTER-
SON, City Clerk, Respondent.

*February 25—September 29, 1903.*

Judgment affirmed upon an equal division of the justices of this
court participating in the hearing and decision.

APPEAL from a judgment of the circuit court for Douglas
county: A. J. VINJE, Circuit Judge. *Affirmed.*

*Mandamus* to compel the city clerk of the city of Superior,
Wisconsin, to place the names of relators on the official ballot
as the regular Republican nominees for the various elective
city offices to be filled by election thereto at the spring election
of 1902. In the various caucus districts of the city, elections
were held in the spring of 1902 for the purpose of choosing
delegates to the city convention called for the purpose of plac-
ing in nomination candidates for the aforesaid city offices.
The result was that seventy-one delegates were duly declared
elected, and were duly certified, entitling them severally to
participate in the work of the convention if they were in fact
legally elected. In the preliminary work of organizing the
convention, the right of any delegate not receiving at the pri-
mary a majority of all the votes polled, including blank bal-
lots, was challenged. It appeared that of the seventy-one
persons claiming the right to sit as members of the conven-
tion, twenty received at their caucuses more than half the
votes there polled including blank ballots, thirty-one received
more than half the votes polled excluding blank ballots, and
twenty received only a plurality of the votes polled. The ob-
jection did not prevail. Thereupon eighteen delegates, rep-
resenting seventeen and one-half votes, left the convention,
claiming that they were, in the main, the sole parties legally
entitled to participate in placing in nomination regular Re-
publican nominees for the coming city election. Those who

State ex rel. Dietrich v. Patterson, 119 Wis. 52.

remained consisted of the twenty who received a plurality of all the votes cast, twenty-seven, representing twenty-seven and one-half votes, who received a majority of the votes cast excluding blank ballots, and seven who received a majority of all votes cast. Such remaining delegates represented, as indicated, a majority of all who received at their caucuses a majority of all votes there cast excluding blank ballots, but a minority of those who received only a majority including blank ballots. They nominated a full Republican ticket for the spring election, and a political committee for the ensuing year. Those who withdrew organized as the regular Republican convention in a room near the one named in the call for the convention and nominated a full list of candidates to stand as the Republican nominees at the coming city election, and also a political city Republican committee for the ensuing year. Each list of candidates, and each city committee elected as aforesaid, was in due form certified to the city clerk, who, deeming the persons who withdrew as aforesaid to constitute a majority of those who were entitled to participate in the convention, recognized the ticket nominated by them as regular and placed their names upon the official ballot for the coming city election. This proceeding was commenced to compel the clerk to recognize the relators as the persons entitled to be placed upon such ballot as such nominees.

The issue raised and decided in the court below was whether, under ch. 341, Laws of 1899, the word "majority" means a majority of all votes cast at the caucus including blank ballots. The relators' cause depended upon that issue being decided in the negative. The decision was the other way. Judgment was rendered accordingly.

For the relators there was a brief by *T. L. M'Intosh, Louis Hanitch,* and *A. C. Titus,* and oral argument by *H. W. Dietrich.*

*Phil. H. Perkins,* for the respondent.

MARSHALL, J.    This cause was submitted February 25, 1903.   There were then but four justices participating in the business of the court.   They were equally divided as to the proper judgment to render.  The disposition of the matter was delayed only to admit of further investigations, which did not lead to any material change.   Since a reversal would not enable appellant to obtain relief, except by way of costs, and ch. 341, Laws of 1899, was amended by ch. 382, Laws of 1903, eliminating the feature which gave rise to the litigation, rendering it unlikely that we shall have upon the same facts the question upon which the cause turned in the court below before us again, it seems best to announce the decision of the court as of the time of the submission, in accordance with what the then situation rendered necessary if acted upon at all.

*By the Court.*—The judgment appealed from is affirmed upon an equal division of the justices participating in the hearing and decision, the order to that effect to be entered as of the time the cause was submitted, to wit, February 25, 1903.